UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JILDER ROBLERO ROBLERO et al.,

                    Petitioners,                Case No. 1:26-cv-1397

v.                                       Honorable Robert J. Jonker

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

## ORDER

This is a habeas corpus action brought by two individuals detained by the United States Immigration and Customs Enforcement (ICE), challenging the lawfulness of Petitioners' current detention. (Pet., ECF No. 1.) For the following reasons, the Court will direct the Clerk to sever the claims of Petitioners into separate actions.

### I.      Background

Petitioners are natives and citizens of Guatemala and El Salvador. (Pet., ECF No. 1, PageID.7.) Petitioners are presently detained at ICE detention centers within Michigan. (*Id.*, PageID.9–10.)

### II.      Joinder and Severance

Petitioners have filed their claims as a single petition. Federal Rule of Civil Procedure 20 governs the "permissive joinder of parties." Fed. R. Civ. P. 20. Specifically, Rule 20(a)(1) identifies the circumstances where plaintiffs or petitioners may join together and raise their claims in one action:

(A) [if] they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) [if] any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Certainly, there are at least some common issues of law and fact raised in the petition. Nonetheless, at this stage of the proceedings, given the limited factual information contained within the petition, it is not clear whether all Petitioners are entitled to proceed in a single action under Rule 20(a)(1).

Even if joinder is permitted under Rule 20(a)(1), "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted); *Third Degree Films, Inc. v. John Does 1– 72*, No. 12-CV-14106, 2013 WL 1164024, at *5 (E.D. Mich. Mar. 18, 2013), *R. & R. adopted*, No. 12-CV-14106, 2013 WL 4416159 (E.D. Mich. Aug. 15, 2013) (explaining that "the court should examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side" and "may also consider factors such as the motives of the party seeking joinder and whether joinder would confuse and complicate the issues for the parties involved" (citation and internal quotation marks omitted)).

Based on the Court's recent wealth of experience with scores of individual petitions seeking the same relief sought by Petitioners, even if Petitioners' claims present *some* common questions of law, the merits of their claims and the types of relief available may differ significantly and will necessarily require case-by-case determinations due to the factually distinct individual circumstances regarding each Petitioner's entry into the United States, when and where each Petitioner first encountered ICE, and each Petitioner's prior immigration proceedings. For that reason, adjudicating Petitioners' claims in a single petition would complicate the issues and result

in confusion. The Court concludes that keeping Petitioners in one action would not facilitate judicial efficiency.

To avoid these difficulties and in the interests of justice, the Court will direct the Clerk to sever the claims of Petitioners into separate actions. Petitioner Jilder Roblero Roblero may proceed under the existing case number. The Clerk shall open new cases for Petitioners Almicar Alvarado and Salvador Osorio. The pleadings filed to date in the instant case shall appear in the docket of each case. The case that will result from the severance of Petitioners' claims should not be considered a related case under the Local Rules. *See* W.D. Mich. LCivR. 3.3.1(d), 3.3.2.

**IT IS SO ORDERED**.

Dated:   May 1, 2026                              /s/ Robert J. Jonker
                                                          Robert J. Jonker
                                                          United States District Judge